UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

---------------------------------------------------------------x
TYSEAN MORONTA

                Petitioner,

    -against-

THE STATE OF NEW YORK,

                Respondent.
---------------------------------------------------------------x

MEMORANDUM AND ORDER

09-CV-1346 (ARR)

ROSS, United States District Judge:

    Petitioner Tysean Moronta, who is currently in custody at Upstate Correctional Facility in Malone, New York, brought this *pro se* habeas corpus petition in the United States District Court for the Western District of New York on February 27, 2009. Because the petition ostensibly challenges a conviction in Kings County, located within the Eastern District of New York, it was transferred to this court on March 31, 2009. Because it is not clear whether petitioner is seeking relief from a judgment of conviction pursuant to 28 U.S.C. § 2254, petitioner is granted leave to amend his petition within thirty days of the date of this Order.

    It is unclear from his petition exactly what relief petitioner is seeking. The action was filed on a form petition for a writ of habeas corpus pursuant to § 2254 and references an October 12, 2007 conviction in the New York Supreme Court, Kings County. The remainder of the petition is left blank, however, and petitioner asserts no grounds for relief from the conviction or sentence. Instead, petitioner attaches a grievance form and an affidavit regarding an alleged assault by a corrections officer that occurred on December 7, 2008 at the facility in which he is housed.

    A § 2254 petition challenging a conviction or sentence is subject to significant gate-

keeping requirements, including proper exhaustion of claims, time limitations, and a bar against second or successive petitions. Here, it does not appear that petitioner has fully exhausted his claims, as the court can find no evidence that he has filed an appeal or collateral challenges in New York state courts.

If petitioner wishes to pursue a challenge to his 2007 conviction through a writ of habeas corpus pursuant to § 2254, he is hereby granted leave to file an amended petition within thirty days from this order. The amended petition must clearly set out each of the grounds upon which petitioner seeks relief from his conviction or sentence; it also must include facts supporting the asserted grounds for relief. Moreover, petitioner should indicate any steps he took to raise each claim in state court so that this court may determine whether each claim is properly exhausted as required by the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. § 2254(b)(1). The amended petition should name his custodian (e.g., the Superintendent of Upstate Correctional Facility) as the respondent.[1]

To the extent that petitioner seeks redress for the alleged assault, he may choose to file a civil rights complaint pursuant to 42 U.S.C. § 1983. The venue provision governing federal question jurisdiction, however, requires that the action be filed in the judicial district where the defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. See 28 U.S.C. § 1391(b). If petitioner believes that he was deprived of his constitutional rights by officials at the Elmira Correctional Facility, which is located in Chemung County, he may file a civil rights complaint in the United States District Court for the Western District of New York. 28 U.S.C. § 112(d) (enumerating the counties the Western District of New

---

[1] The Clerk of Court is directed to send petitioner the form petition for prisoners challenging a state conviction.

York comprises).

No response shall be required from respondent at this time. All further proceedings shall be stayed for 30 days or until the petitioner has complied with this Order.

SO ORDERED.

/S/
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
      April 8, 2009